Mr. Justice James
delivered tbe opinion of tbe court.
Tbe plaintiffs having recovered judgment against tlie defendant Prott, sued out a writ of capias act satisfaciendum, in pursuance of section 194 of tbe Revised Statutes of tbis District, wbicb provides as follows: “If any plaintiff in a civil action, after judgment shall have been obtained by him, makes oath, according to law, that tbe defendant has conveyed away, lessened or disposed of his property, rights or credits, or is about to remove or has removed bis property from tbe District, as tbe plaintiff believes, with intent thereby to binder or delay tbe recovery or payment of his debts, tbe clerk of tbe court shall thereupon issue a capias ad satisfaciendum.” Tbe defendant moved in vacation to quash tbis writ. His motion was overruled, and thereupon be sued out a writ of habeas coopus, under tbe provisions of section 195, wbicb is as follows: “Hpon tbe arrest of any such defendant under a capias ad satisfaciendum, be may be brought by habeas coopus before tbe court, if in term time, and before one of tbe judges thereof in vacation, and may call upon tbe plaintiff to show cause why be, tbe defendant, shall not be discharged from imprisonment; and, upon such notice, either party may demand a trial by jury; and thereupon tbe court or judge shall direct an issue or issues to be framed upon tbe affidavit so filed, and shall cause a jury to be impanelled and sworn to try such issue or issues, and if the finding of tbe jury shall be for tbe plaintiff, tbe defendant shall be thereupon remanded to prison.” On tbe return of tbe writ of habeas coopus further proceedings were bad in chambers, and it appears that, on tbe 28th of July, 1884, tbe following order was made: “ Said defendant appearing in court, under tbe writ of habeas coopus heretofore issued, *261 and calling upon the plaintiffs to show cause why he should not he discharged from imprisonment; and thereupon such cause being shown and a trial hy jury being required, it is ordered and directed that issues be framed upon said affidavit upon which said writ of ca. sa. was issued, and that the same he tried before the jury at the ensuing term of the circuit court.
It does not appear that any issues were at that time made up; indeed, the order just recited seems to have intended that none should he made until the matter should he called for hearing at the October Term of the circuit court. The next and only other proceeding in chambers appears to have been the taping of the following instrument, which is claimed by the plaintiffs to be a recognizance, and an order of discharge until the first day of the October Term, based thereon : “The defendant and Jeremiah Quinn and John Quinn, his sureties, acknowledge themselves indebted to the United States in the sum of $4,000, to he levied of their and each of their lands and tenements, goods and chattels, if the defendant fail to pay the judgment herein, or in default thereof render his body in execution, or they, his sureties, fail to do so, or if the defendant fail to appear for trial under section 795 of the Revised Statutes of the District of Columbia, or if he departs the court without leave.
(Signed) Francis Prott.
Jeremiah Quinn.
Witness, L. Tobriner. John Quinn.”
Thereupon the following ordér was made:
“ Francis Prott having given bail as required by the court, ordered, this 28th day of July, 1884, that he he and he is hereby discharged, until the first day of the October Term ' of the circuit couft, from custody.”
The October Term referred to began on the 20th day of October, 1884, and on that day'the plaintiffs filed an affidavit that the judgment had not been paid nor in any manner satisfied, but remained wholly unpaid and unsatisfied. The record shows the following entry and order of the same date:
*262 “It appearing to the court, by affidavit filed herein, that the defendant has failed to pay the judgment in this cause, and said defendant being called in open court and failing to appear, and Jeremiah Quinn and John Quinn, his sureties, being called in open court to produce the body of the defendant, and having failed to do so, it is considered by the court that the United States, for the use of the said Wallace, Elliott & Co., do recover against them, the said defendant and Jeremiah Quinn and John Quinn, the sum' of four thousand dollars, to be released upon the payment of the judgment, interest and costs in this case. And on motion of the attorneys for the plaintiffs, the court orders that a scire facias be issued against the said defendant and his said sureties, to show cause why the United States, to the use of Wallace, Elliott & Co., the plaintiffs, should not have execution against them according to the force and effect of the recovery upon the forfeiture of their recognizance.”
The writ of scire facias, issued in pursuance of this order, after reciting the capias, the suing out of the habeas corpus, and the giving of the recognizance, alleges that, “Nevertheless, said defendant has failed to pay the judgment herein, and has failed to render his body in execution, and said sureties have also failed to do so as by proceedings in said court hath been stated.” This writ was returned scire feci as to Jeremiah Quinn and John Quinn, and nihil as to Prott. The sureties then moved to vacate the judgment rendered against them on the 20th of October, to set aside the forfeiture of their recognizance, upon which that judgment was based, and to quash the writ of scire facias. This motion was overruled, and, thereupon, they demurred to the scire facias, assigning the following reasons:
“1. The certain recognizance or acknowledgment by the said Francis Prott and the defendants, in the said writ alleged, is without any authority or warrant of law, and is wholly void and of non-effect.
“2. The said recognizance or acknowledgment purports to have been taken by a justice of this court, on the 28th day of. July, 1884, in a certain proceeding on a writ of *263 habeas corpus; whereas the said justice had theretofore, to wit, on the 16th day of July, 1884, by his certain" order remanding the said Prott to prison, exhausted his authority and jurisdiction in the premises.
“3. The appearance of the said Prott for trial, supposed to be provided for by the said recognizance or acknowledgment, was intended to be after the framing of an issue or issues, as provided'by section 795 of the Eevised Statutes of the United States relating to the District of Columbia; and no such issue has been framed.
“4. It does not appear that the said Prott has not appeared for trial, as in and by the said recognizance or acknowledgment provided, as is alleged, nor that he has departedthe court without leave.
“5. The said recognizance or acknowledgment was impróperly forfeited, and the record and proceedings in the premises are otherwise irregular and void.”
The demurrer was sustained and the scire facias, was quashed. From this judgment of the circuit court the plaintiffs have appealed, and the questionlpresented here is, whether they should have had execution of the judgment on the recognizance. It is claimed by the sureties: first, that in a proceeding under section 795 bail could not be taken at all; second, that if bail could be taken, it was taken ineffectually in this case; and, thirdly, that if the recognizance was effectual, the writ of scire facias does not properly allege a breach of the conditions.
After a very careful consideration of the sections which provide for the capias, and for an inquiry into the truth of the allegations on which that writ is issued, we are of opinion that they do not contemplate any discharge of a judgment debtor from the actual custody under the capias, except as the consequence of that inquiry, and that a release on bail is actually inconsistent with their intended operation. In the first place, section 795 seems clearly to contemplate a summary proceeding, notwithstanding it permits, of course, such adjournments as the necessity of the case and the interests of justice require; and when it provides, “If *264 the finding of the jury shall be for the plaintiff, the defendant shall be thereupon remanded to prison,” we can only construe this language as assuming that the defendant is, throughout the inquiry, in custody under the capias. But we rest our conclusion on broader grounds than this particular expression. It is to be observed that the legislature, having abolished imprisonment for debt, provided imprisonment of a judgment debtor for fraud, in case of an impending or accomplished removal of his property beyond the reach of those means of satisfying the judgment which still remained to the judgment creditor. It is to be further observed that this imprisonment is provided, not as a punishment of the fraud, inasmuch as the defendant may discharge himself immediately by payment, but as a remedy to defeat its operation, by holding him until he is ready to undo it by satisfaction of the judgment which he sought to defeat. In a word, it was provided as a protection of the process of the law against frauds intended to defeat that process. Now this view of the capias suggests two considerations. If the case made by the affidavit of the judgment creditor is, in the beginning, sufficient ground for the application of this remedy of holding the debtor in actual custody, it must be supposed that the same affidavit, on the truth of which the issue is framed, continues to be sufficient ground for holding him until the question of fact is determined, and that, therefore, the statute does not contemplate that the judgment debtor shall be relieved from the original measure of coercion while the demanded inquiry is going on, and merely because it is prolonged. The other consideration is, that when the legislature has provided, this one means of protecting judgment and execution against defeat by fraud, it cannot be implied that the legislature at the same time authorizes the court, or a judge in vacation, to .substitute, in the course of the very proceedings for determining whether there is ground in fact for enforcing this means, what might, in its operation, be nothing more than security for the payment of the judgment, while he finally accomplishes his fraud and escapes the coercion to undo it which *265 the statute had provided. It may be added that one of the causes for suing out a capias ad satisfaciendum is that the debtor is about to remove his property from the District, and that this remedy is allowed in order, among other things, to prevent him from doing so. If he may be released on bail, while an inquiry into the truth of the charge is pending, he is allowed an opportunity to consummate the very fraud, in defeat of execution, which the statute intends to prevent. We are satisfied that the statute leaves no room for the implication of any authority to take bail in these cases. After reaching this conclusion, we do not consider it important to discuss the sufficiency of the proceedings had in taking and forfeiting the recognizance, or of the scire facias, further than to say that, even if bail had been competent, this particular obligation was incorrectly forfeited, and that the scire facias fails to show a breach of all of its conditions.
' The judgment of the circuit court sustaining the demurrer and quashing the writ is affirmed.